# In the United States District Court
# for the Western District of Pennsylvania

| | |
|---|---|
| HUSSEIN FARHOOD ALMAZIADAWI, ) | |
| ) | |
| *Petitioner* ) | |
| ) | |
| ) | Civil Action No. 10-20E |
| ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES (USCIS) ) | |
| ) | |
| *Respondent* ) | |

## MEMORANDUM ORDER

Pending before the Court is Petitioner Hussein Farhood Almaziadawi's "Petition for De Novo Review of Naturalization Application Pursuant to 8 C.F.R. 336.9 and Request for De Novo Review" [Doc. #1]. Respondent USCIS filed its Answer to the Petition on May 24, 2010 [Doc. #4]. In its Answer, Defendant United States Citizenship and Immigration Services ("USCIS") argues that a *de novo* hearing is not required and requests that the Court instead set up a summary judgment briefing schedule, citing in support of its request Abghari v. Gonzales, 596 F.Supp2d 1336 (C.D. Ca. 2009) wherein the district court decided the merits of a petition for de novo review based on a review of the parties' cross motions for summary judgment after a determination that a *de novo* hearing was not required under the facts of the case even though requested by the petitioner.

8 U.S.C. § 1421(c) outlines the procedure for judicial review as follows:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a)[1] of this Title, may

---

[1] Section 1447 provides: "If, after an examination under section 1446 of this title, an application for naturalization is denied, the applicant may request a hearing before an

> seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

Id. Summary judgment may be appropriate where the adjudication of the action turns on a question of law. See Chan v. Gantner, 464 F.3d 289, 295-96 (2d. Cir. 2006) (summary judgment appropriate where no genuine issue of material fact exists such as when statutory bar precludes a finding of good moral character); Abghari, 596 F.Supp.2d at 1344 (district court may resolve a pure question of law on summary judgment without bench trial or evidentiary hearing).

Based upon the allegations contained in the Complaint, the main issue in this case appears to be as follows: whether as a result of Mr Almaziadawi: (1) answering "no" to a number of questions asked of him by USCIS concerning whether he'd been cited or charged with committing any crime or offense and/or been convicted of a crime or offense, and (2) not telling the USCIS that he had received a traffic citation for reckless driving, he falls within 8 U.S.C. § 1101(f)(6) such that he is barred from being able to demonstrate that he is a person of good moral character and therefore, is ineligible to become a naturalized citizen. 8 U.S.C. § 1101(f)(6) provides:

> For the purposes of this chapter--
> No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was-- . . .
>
> (6) one who has given false testimony for the purpose of obtaining any benefits under this chapter;

Id.

To make this determination we will have to decide whether Mr. Almaziadawi had the subjective intent to deceive the USCIS when he answered the above referenced questions in the

---

immigration officer." 8 U.S.C. § 1447.

2

negative and failed to tell the USCIS about the traffic citation, and we find that this determination is a question of fact requiring a *de novo* hearing. See Kungys v. United States, 485 U.S. 759, 782, 108 S.Ct. 1537 (1988) (question of whether in making the misrepresentations Kungys possessed the subjective intent of thereby obtaining immigration or naturalization benefits must be resolved by the trier of fact); Pullman-Standard v. Swint, 456 U.S. 273, 288, 102 S.Ct. 1781, 1789-1790 (1982) (issues of intent are factual matters for the trier of fact).

Accordingly, this 26th day of May, 2010, it is hereby ORDERED, ADJUDGED, AND DECREED that a status conference shall be held in this case on Wednesday, June 9, 2010 at 10:00 A.M. in Suite 8170, U.S. Courthouse, Pittsburgh, PA 15219. Counsel can participate by phone with advance notice to the Court's chambers in Pittsburgh.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge